RECEIVED

MAR 17 2016

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CR. NO. 16-cr-00013-01 |
| | * | |
| | * | 18 U.S.C. § 641 |
| VERSUS | * | |
| | * | |
| | * | CHIEF JUDGE DRELL |
| KEVIN JAMES DAUZAT | * | MAGISTRATE JUDGE PEREZ-MONTES |

## PLEA AGREEMENT

**A.  INTRODUCTION**

1. This document contains the complete plea agreement between the Government and KEVIN JAMES DAUZAT, the Defendant. No other agreement, understanding, promise, or condition exists, nor will any such agreement, understanding, promise or condition exist unless it is committed to writing in an amendment attached to this document and signed by the Defendant, an attorney for the Defendant, and an attorney for the Government. The terms of this plea agreement are only binding on the Defendant and the Government if the Court accepts the Defendant's guilty plea.

**B.  THE DEFENDANT'S OBLIGATIONS**

1. KEVIN JAMES DAUZAT shall waive Grand Jury presentment of the charge(s) filed in this case and appear in open court and plead guilty to the one count Bill of Information pending in this case.

1

### C. THE GOVERNMENT'S OBLIGATIONS

1. If the Defendant completely fulfills all of his obligations and agreements under this plea agreement, the Government agrees it will not prosecute the Defendant for any other offense known to the United States Attorney's Office, based on the investigation which forms the basis of the Bill of Information.

2. The Government will and hereby moves pursuant to U.S.S.G. § 3E1.1(b) for the Defendant to receive a one point reduction in his offense level should that offense level be 16 or greater, as the Defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and the Court to allocate their resources efficiently.

### D. SENTENCING

KEVIN JAMES DAUZAT understands and agrees that:

1. the maximum punishment on Count 1 is a term of imprisonment of not more than 10 years (pursuant to 18 U.S.C. § 641), or a fine of not more than $250,000 (pursuant to 18 U.S.C. §3571), or both;

2. he shall be required to pay a special assessment of $100 **at the time of the guilty plea** by means of a cashier's check, bank official check, or money order payable to "Clerk, U.S. District Court;"

3. he may receive a term of Supervised Release of not more than three years in length in addition to any term of imprisonment imposed by the Court;

4. a violation of any condition of Supervised Release at any time during the period of Supervised Release may result in the Defendant being incarcerated over and above any period of imprisonment initially ordered by the Court;

5. the period of incarceration for a violation of a condition of Supervised Release could be as much as the full term of Supervised Release initially ordered by the Court regardless of the amount of time of the Supervised Release the Defendant had successfully completed;

6. in addition to the penalties set forth in the preceding paragraphs, the Court must order restitution in this case and the Defendant agrees that restitution in this case is not limited to the amounts or victims referred to in the specific charge(s) to which he has pled guilty and will be determined by the Court after a complete review of the evidence developed in the investigation of this case by the Government and further investigation by the Probation Office as contained in the Presentence Report;

7. any fine and/or restitution imposed as part of the Defendant's sentence will be made due and payable immediately and any federal income tax refund received by the Defendant from the Internal Revenue Service while there is an outstanding fine and/or restitution shall be applied toward the fine and/or restitution award;

8. as part of the presentence investigation the Government will make available to the Court all evidence developed in the investigation of this case;

9. this case is governed by the Sentencing Reform Act, as modified by United States v. Booker, 543 U.S. 220 (2005), that he has discussed the Sentencing Guidelines and their applicability with his counsel, and understands and acknowledges that a final determination of the applicable guidelines range cannot be made until the completion of the presentence investigation;

10. the sentencing judge alone will decide what sentence to impose; and

11. the failure of the Court to adhere to a sentencing recommendation tendered by counsel shall not be a basis for setting aside the guilty plea which is the subject of this agreement.

### E. SIGNATURE OF ATTORNEY FOR THE DEFENDANT, THE DEFENDANT, AND THE ATTORNEY FOR THE GOVERNMENT

I have read this plea agreement and have discussed it fully with my client, KEVIN JAMES DAUZAT. It accurately and completely sets forth the entire plea agreement. I concur in KEVIN JAMES DAUZAT pleading guilty as set forth in this plea agreement.

Dated: 1-22-16

CRISTIE G. GIBBENS
Attorney for the Defendant

I have read this plea agreement and have discussed it with my attorney. I fully understand the plea agreement and accept and agree to it without reservation. I do this voluntarily and of my own free will. No threats have been made to me, nor am I

under the influence of anything that could impede my ability to fully understand this plea agreement.

I affirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement.

I am satisfied with the legal services provided by my attorney in connection with this plea agreement and the matters related to this case.

Dated: 1-22-16

*Kevin James Dauzat*
**KEVIN JAMES DAUZAT**
Defendant

I accept and agree to this plea agreement on behalf of the United States of America.

Dated: 03/17/16

**BRANDON B. BROWN**
Assistant United States Attorney